**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 04 2011**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-35761 |
| | ) | |
| Deborah A. Ashton and Gary L. Ashton, Jr. | ) | Chapter 13 |
| . | ) | |
| SSN: xxx-xx-5473 | ) | |
| SSN: xxx-xx-4636 | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| Debtors. | ) | |

### ORDER RE DISMISSAL WITH PREJUDICE AND SANCTIONS

By separate order of the court entered on February 8, 2011, this case was dismissed. [Doc. # 34]. In its dismissal order, the court retained jurisdiction to, among other actions, determine whether the dismissal should be converted from a dismissal without prejudice to a dismissal with prejudice.

The court entered its separate order to show cause on February 8, 2011. [Doc. # 35]. The order to show cause set out the grounds for potential conversion of the dismissal to a dismissal with prejudice, the sanctions and prejudice that could attach to dismissal and scheduled a hearing for February 22, 2011, at 4:00 o'clock p.m. Notice of the February 22 hearing was duly and properly given to Debtors by first class mail, and the hearing order has not been returned to the court as undeliverable. Debtors were ordered to appear in person at the February 22 hearing, including expressly to show cause why they have not violated Rule 9011 of the Federal Rules of Bankruptcy Procedure. They have previously been ordered to appear in person at other hearings set in this case. And just as in other hearings in this case, Debtors failed and refused to appear at the hearing on February 22, 2011. Debtors have not shown cause to the court why the dismissal

of this case should not be converted to a dismissal with prejudice, including with sanctions for violating Rule 9011 of the Federal Rules of Bankruptcy Procedure.

The court finds that Debtors commenced this case in bad faith and that it was filed merely for the purpose of improperly delaying and harassing the creditors identified in connection with his petition, including with respect to a mortgage foreclosure action, and not for the purpose of actually adjusting their debts and trying to propose a plan to repay their creditors through Chapter 13. Debtors have violated Rule 9011(b) of the Federal Rules or Bankruptcy Procedure. The improper purpose and conduct by Debtors in this case are evidenced by their contempt of court in repeated disobedience of plain and direct court orders to appear and to file required documents, non-payment of the filing fee, no apparent intention from the outset to pay the entire filing fee and to proceed with the case, the failure to file certificates of credit counseling evidencing eligibility to be debtors under 11 U.S.C. § 109(h), the failure to list all of their creditors, the failure to file a plan, the failure to appear at a meeting of creditors, the failure to complete any of the schedules and other documents required to proceed with the case, and the failure to provide the Chapter 13 Trustee with tax returns and other documents required to proceed. The court further finds that Debtors have willfully failed to abide by orders of this court entered on August 23, 2010, August 25, 2010, September 20, 2010 (two), September 29, 2010, and February 8, 2011. *See* 11U.S.C. § 109(g).

The court finds that the sanctions and filing limitations set forth below are necessary and sufficient to deter a repeat of this conduct by both Debtors and others similarly situated. Unless these sanctions and filing limitations are imposed, Debtors will be able repeat the bad faith invocation of the automatic stay to the detriment of the named creditors and an Ohio state court, with the accompanying and frustrating substantial consumption of the limited resources of this court, the United States Trustee and the Chapter 13 Trustee under circumstances where the record now clearly shows that they never had any intention of proceeding in good faith under Chapter 13.

This order is being entered by the court on its own initiative under the authority of 11 U.S.C. §§ 105(a), 109(g) and 349(a) and Rule 9011(c) of the Federal Rules of Bankruptcy Procedure.

**IT IS THEREFORE ORDERED** that the prior dismissal of this Chapter 13 case entered on February 8, 2011, is hereby converted to a dismissal with prejudice and with sanctions, as follows:

1. Deborah A. Ashton and Gary L. Ashton, Jr. are each enjoined and prohibited from commencing another case under any Chapter of the Bankruptcy Code in any court at any time unless and until the $204 unpaid balance of the filing fees due in this case has first been paid in this court.

2. Deborah A. Ashton and Gary L. Ashton, Jr. are each enjoined and prohibited from commencing

another case under any Chapter of the Bankruptcy Code in any court for a period of 360 days from the date of this order, which is two times the 180 days set forth in 11 U.S.C. § 109(g) and also approximately two times the duration between their bad faith commencement of this case and its dismissal on February 8, 2011.

      3. As the creditors targeted in this case by Debtors' conduct in violation of Rule 9011(b) of the Federal Rules of Bankruptcy Procedure, the bankruptcy automatic stay shall not ever take effect as to creditors Citifinancial, Inc., Citimortgage and their respective predecessors, successors and assigns in any subsequent case filed by Debtors or either of them under any Chapter of the Bankruptcy Code in any court at any time.

3

10-35761-maw    Doc 47    FILED 03/04/11    ENTERED 03/04/11 16:49:10    Page 3 of 3